# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JANEEN FELDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 07 C 2694 |
| | ) | |
| TRANE, a subsidiary of AMERICAN, | ) | |
| STANDARD, CO., and AMERICAN | ) | |
| STANDARD, CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Plaintiff Janeen Feldman to alter or amend our judgment of September 17, 2008, pursuant to Fed. R. Civ. P. 59(e) or for relief from the same judgment pursuant to Fed. R. Civ. P. 60(b)(1). For the reasons set forth below, the motion is denied.

## BACKGROUND

This case was initially filed on May 11, 2007. After discovery was completed, Defendants Trane and Trane U.S. Inc. (collectively referred to herein as "Trane") expressed a desire to file a motion for summary judgment. A briefing schedule was set wherein Feldman was to respond to the pending motion by July 14. On that date, Feldman (without noticing the motion for hearing as required by this court's procedures

for motion practice) requested an extension of time to respond, primarily because of demands from another case in which counsel was involved in state court. The motion was granted; Feldman's new time to respond was set for August 14, with Defendants afforded two weeks thereafter to file their reply.[1]

August 14 came and went, with no response from Feldman. Two weeks later, Defendants filed a timely reply, noting that Feldman had filed no response and that her failure to do so triggered significant consequences under Local Rule 56.1. Nearly three more weeks elapsed with no word from her, and our ruling issued in due course. As set forth in the opinion, in light of the admission of the facts asserted by Trane pursuant to operation of the local rule, a merits determination in favor of Trane was warranted.

Fourteen calendar days and 10 business days after the ruling issued, Feldman filed the instant motion. In it, she requests that we vacate the order granting summary judgment and either deny the motion or permit her to file her own motion for summary judgment. The motion refers to two procedural bases for the relief requested: Fed. R. Civ. P. 59 and Fed. R. Civ. P. 60. Though the motion does not set forth the specific

---

[1]The exact wording of the order, which issued on July 18, 2008, is as follows: "Plaintiff's uncontested motion for an extension of time is granted. Plaintiff is given to 8/14/2008 to answer defendants' motion for summary judgment. Defendants' reply is due 8/28/2008. Ruling is reset from 8/21/2008 to 9/18/2008 at 9:30 a.m. Counsel are reminded that all future motions, stipulated or not, are to be noticed for hearing on the Court's motion call."

subsections of those two rules, the timing of its filing and the substance of its contents imply that Feldman is relying upon Rules 59(e) and 60(b)(1).

## LEGAL STANDARDS

### I. Rule 59(e) Motions

Rule 59(e) permits parties to file, within 10 days of the entry of a judgment, a motion to alter or amend that judgment. The rule does not provide a panacea for parties who do not prevail in a proceeding before a district court; relief is appropriate only in specific and narrow circumstances. To justify undoing a previous result via Rule 59(e), a movant can present evidence that was not available when the decision was rendered or specify areas in the record that clearly establish that the trial court made a manifest error of law or fact in reaching the challenged decision. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). Alternatively, the movant could demonstrate a change in the controlling law that occurred between the entry of the judgment and the filing of the motion, although the 10-day time frame for filing the motion makes this avenue an unlikely scenario in most cases. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). This type of motion does not allow a losing party to present arguments that were available during the previous proceedings and that should have been raised in that context. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Neither does it provide a vehicle for presenting factual matters that were previously

available but that were not brought to the court's attention. *See id.* Rather, the rule gives the district court the opportunity to correct manifest errors before the case proceeds into unnecessary appellate proceedings. *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007).

## II. Rule 60(b)(1) Motions

A request for relief from judgment under Rule 60(b)(1) can be made up to a year after the judgment at issue was rendered. However, the request must be premised on the presence of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). For purposes of this rule, excusable neglect is not limited to situations involving circumstances beyond the party's control. *Pioneer Investment Servs. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388, 113 S. Ct. 1489, 1495 (1993). Rather, relief can be warranted in instances where the neglect at issue is the product of a party's negligence. *Id.* at 394, 113 S. Ct. at 1497. However, not all neglect is excusable. *See Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004). When deciding whether neglect is excusable or not, a trial court must examine "all relevant circumstances surrounding the party's omission...[including] the danger of prejudice to the [opponent], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395, 113

S. Ct. at 1498. When an attorney's neglect is at issue, the expectation that counsel will honor the professional obligation to diligently monitor developments in all aspects of the representation of clients is also a consideration. *See DeRango v. United States*, 864 F.2d 520, 523 (7th Cir. 1988).

With these principles in mind, we turn to Feldman's motion.

## DISCUSSION

### I. Rule 59(e) Motion

Although Feldman's motion refers to Rule 59, she makes no argument setting forth a manifest error of law or fact or an intervening change in the law that would justify relief under that rule. Accordingly, to the extent the motion is predicated on Rule 59(e), it is denied.

### II. Rule 60(b)(1) Motion

Feldman advances several bases that she contends are sufficient to warrant a conclusion that her failure to act was the product of excusable neglect. Though we must take into account all relevant considerations, *Pioneer*, 507 U.S. at 395, 113 S. Ct. at 1498, we consider only explanations set forth in reasonable detail; vague allusions to "other urgent obligations" of Feldman's counsel have been disregarded.

Feldman's first set of challenges revolve around the events within the case. She begins by emphasizing that our briefing schedule set dates only for Trane's motion for summary judgment. Apparently, Feldman was under the impression that we would

provide a date for any dispositive motion to be filed, even before a party had expressed an intention to so move. Although some judges employ this technique in managing their caseloads, we do not, and Feldman points to no communication from this court that would have created the impression that we did.

She next points to Fed. R. Civ. P. 56(a)(2), which states that a party claiming relief may file a motion for summary judgment "at any time after...the opposing party serves a motion for summary judgment." Feldman appears to argue that this general rule, setting the outer limits of the time in which a motion can be brought pursuant to it, controls over a specific schedule in a specific case set by a trial judge to maintain orderly progression of matters properly raised in the course of a litigation. Common sense and numerous authorities dictate that this argument will not prevail. The Federal Rules of Civil Procedure themselves begin by imposing an obligation on district courts to secure just and speedy determination of every action and proceeding before them. Fed. R. Civ. P. 1. Part and parcel of this obligation is an ability and a duty to impose and enforce deadlines. *Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996). Local Rule 78.3 authorizes a district judge to set briefing schedules on pending motions and establishes that failure to file a responsive memorandum according to that schedule can result in the motion being granted without further hearing. Furthermore, in *Raymond v. Ameritech Corp.*, the Seventh Circuit emphasized that general guidance provided in the Federal Rules of Civil Procedure does not supplant deadlines

specifically imposed by a court presiding over a specific dispute. 442 F.3d 600, 605 (7th Cir. 2006). Distilled, Feldman's position amounts to an assertion that she was excused from complying with the briefing schedule that had been explicitly stated in our issued order in favor of a unilateral assumption that we would provide a date for a motion she had communicated no intention of filing. Unfounded assumptions about a district court's calendar will not support a finding of excusable neglect. *Harrington v. City of Chicago*, 433 F.3d 542, 547 (7th Cir. 2006). Thus, this line of argument does not supply a meritorious ground for relief under Rule 60(b)(1).

Feldman next asserts that she intended to file a cross motion on September 18, the date we originally set for ruling on Trane's motion for summary judgment. Feldman represents that the proposed motion was completed after we ruled in favor of Trane at 11:52 am on September 17 but before 9:30 am on September 18, the previously scheduled time and date for ruling. She thus implies that our early issuance of the decision on Trane's pending motion stymied her efforts and was the chief impediment to her ability to diligently pursue her cause of action.

The contents of the record tell a different story. Feldman had been admonished in our July 18 order of the need to notice all motions for hearing on the court's call. Any motion that Feldman intended to present on September 18 would have had to be noticed no later than September 16; the docket contains no filing from her as of that date. Moreover, the motion that was allegedly fully prepared as of September 18 was

not filed until October 2 (the day after the instant motion was filed), casting doubt on the notion that it would have been submitted on the 18th were it not for our ruling the day before.

In any event, there are no ambiguities in our scheduling order setting Feldman's response date for August 14, Local Rule 78.3's explanation of the consequences of failure to file a memorandum in opposition to a pending motion, Local Rule 56.1(b)(3)(C)'s enumeration of the consequences of failing to properly respond to a statement of material facts, or the recitation of the latter in Trane's reply. As was the case in *Easley*, there was nothing that would lead to a misinterpretation on the part of Feldman's counsel. 382 F.3d at 697.

Feldman's next position focuses on the demands on her lawyer outside of this case. In that regard, counsel states that he is a solo practitioner with no support staff. During the time of the briefing on the motion for summary judgment, he was involved in a case in Illinois state court that was very active. Counsel's involvement in that case was the situation he brought to our attention that led to the granting of his previous motion to extend time to respond to Trane's motion. He was also required to prepare a petition for rehearing before the Seventh Circuit in another case. Around the same time, counsel's office flooded and he needed to replace damaged equipment, including computers.

We have no doubt that counsel had many matters requiring his attention. We note that, prior to the motion for summary judgment, counsel was able to fulfill his professional obligations in his representation of Feldman. However, all deadlines set by a court must be respected; enforcement of them does not depend upon a showing of repeated failure to comply. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 607 (7th Cir. 2006). Attorneys lead busy professional lives, but all still have the responsibility to be vigilant and conscientious in the representation of clients. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 362 (7th Cir. 1997). Even outright upheaval in a law practice carries little weight in excusing attorney neglect; a busy schedule carries little to none. *See Pioneer*, 507 U.S. at 3987, 113 S. Ct. at 1499. Inattentiveness to litigation is simply not an option open to counsel who find themselves overwhelmed, and it will not support a finding of excusable neglect. *See Easley*, 382 F.3d at 698.

Next, counsel also informs us, for the first time, that he suffers from severe migraine headaches and atrial fibrillation. Outside issues pertaining to health or family matters, while important, do not give an attorney license to ignore professional obligations. *See Jovanovic v. In-Sink-Erator Div. of Emerson Elec. Co.*, 201 F.3d 894, 896 (7th Cir. 2000) (affirming district court's refusal to permit a filing made after a set deadline but before ruling despite assertions that tardiness resulted from failing health of a party and attorney's family crisis). Moreover, the time to request accommodation for these known ailments is before, not after, a ruling on a dispositive motion is handed

down. *See Raymond*, 442 F.3d at 606-07; *Easley*, 382 F.3d at 699. Counsel's medical issues thus do not excuse his neglect in this case.

Finally, Feldman urges us to consider that this matter has been a part of her life for five years and asserts that allowing the current resolution to stand would work a grave injustice to her. This position ignores the fact that the case has been pending for Trane as long as it has for Feldman. In addition, the amount of time that Feldman has been involved in this matter would seem to add incentive to keep attention on the case, rather than to let it lapse when the final resolution is imminent. In any event, Feldman had the opportunity to participate in the disposition of this matter. This case was resolved according to the operative rules and issued orders of this court. Though Feldman is undoubtedly unhappy with the outcome of her case, we do not share her view that the resolution can fairly be cast as a grave injustice.

## CONCLUSION

Based on the foregoing analysis, Feldman's motion to vacate our previous order is denied. The motion for leave to file a cross-motion for summary judgment is denied as moot.

Charles P. Kocoras
United States District Judge

Dated:   November 4, 2008